IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81538-TJM |
| | ) | |
| JOSH D. RICHARDSON, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| RAYMOND STREHLOW and | ) | ADV. NO. A06-08121-TJM |
| CARRIE STREHLOW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSH D. RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Trial on this adversary complaint was held in Omaha, Nebraska, on September 24, 2007. Dean J. Jungers appeared on behalf of Plaintiffs, Raymond and Carrie Strehlow. William L. Switzer, Jr., appeared on behalf of Defendant, Josh D. Richardson. Judicial notice was taken of Defendant's Schedules A, I, and J in Defendant's underlying Chapter 7 case, Case No. BK06-81538. Further, Filing No. 34, the transcript of the § 341 meeting of creditors in Defendant's underlying bankruptcy case was also admitted into evidence.

Plaintiffs, creditors of Defendant, brought this adversary proceeding to obtain an order denying Debtor/Defendant a discharge. Plaintiffs' position is that Defendant made false statements on his schedules by (1) undervaluing his real property; and (2) omitting rental income from his schedules.

*Discussion*

The Bankruptcy Code at 11 U.S.C. § 727(a)(2) provides that a debtor shall be denied a discharge if the debtor, with the intent to hinder, delay, or defraud a creditor, has transferred, removed, destroyed, mutilated, or concealed property of the debtor within one year before the date of filing the petition. Further, § 727(a)(4) permits the court to deny the debtor a discharge if the debtor knowingly and fraudulently, in connection with the case, made a false oath or account.

During the trial, Defendant testified that the $126,000.00 value he used for his home in the bankruptcy schedules was the tax-assessed value of the property ($130,000.00) less approximately $4,000.00 for necessary repairs. No other evidence was presented to show a higher value on the date of bankruptcy filing. Therefore, I find that Defendant did not undervalue the asset on his schedules.

As far as the failure to schedule the rental income is concerned, Defendant asserts that he did not intentionally hide the rental income, but simply forgot to list it in his schedules.  Denial of discharge is "a serious matter not to be taken lightly by a court."  *McDonough v. Erdman (In re Erdman)*, 96 B.R. 978, 984 (Bankr. D.N.D. 1988).  The provisions of § 727 are strictly construed in the debtor's favor, while remaining cognizant that § 727 exists to prevent a debtor's abuse of the Bankruptcy Code.  *Fox v. Schmit (In re Schmit)*, 71 B.R. 587, 589-90 (Bankr. D. Minn. 1987).  The objecting party must prove each element by a preponderance of the evidence.  *Korte v. Internal Revenue Serv. (In re Korte)*, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001).

Section 727(a)(2) of the Bankruptcy Code denies a debtor a discharge if he or she, with intent to hinder, delay, or defraud a creditor, transferred, removed, destroyed, mutilated, or concealed property of the debtor or property of the estate.  To succeed on a § 727(a)(2) claim, the creditor must establish by a preponderance of the evidence that the debtor committed the act complained of, resulting in transfer, removal, destruction, or concealment of property belonging to the debtor or the estate, within the statutory time period, with the intent to hinder, delay, or defraud a creditor or officer of the estate.  *Kaler v. Craig (In re Craig)*, 195 B.R. 443, 449 (Bankr. D.N.D. 1996).

To deny a debtor a discharge under § 727(a)(4)(A), for making a false oath or account in a bankruptcy proceeding, the false statement must be both material and made with intent.  *Gray v. Gray (In re Gray)*, 295 B.R. 338, 343-44 (Bankr. W.D. Mo. 2003) (quoting *Korte v. United States Internal Revenue Serv. (In re Korte)*, 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001)).  An honest error or mere inaccuracy is not a proper basis for denial of discharge.  *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1295 (10th Cir. 1997).

### *Conclusion*

I find Defendant's testimony to be credible.  Defendant had no motivation for concealing his rental income from creditors and there was no evidence that any detriment resulted to creditors by Defendant's omissions.  Debtor/Defendant's failure to schedule the rental income is not excused, but I find no intent to defraud and no intentionally misleading statements.

Separate judgment shall be entered in favor of Debtor/Defendant and against Plaintiffs.  A discharge shall be entered.

DATED:  September 25, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
     *Dean J. Jungers
     William L. Switzer, Jr.
     Thomas D. Stalnaker
     U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.